IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                                     NO. 2:25-CR-066-Z

ERIK TODD GILMORE

## FACTUAL RESUME

In support of Erik Todd Gilmore's plea of guilty to the offense in Count One of the indictment, Gilmore, the defendant, Natalie Archer, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a firearm as charged in the indictment;

*Second.* That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.* That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2024 ed.).

**Erik Todd Gilmore**
**Factual Resume—Page 1**

*Fourth.*   That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

## STIPULATED FACTS

1. Erik Todd Gilmore, defendant, admits and agrees that on or about April 13, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he did knowingly possess in or affecting interstate or foreign commerce, a firearm, to wit, a Ruger, model SR9, 9mm handgun, serial number 331-99144, knowing he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code Sections 922(g)(1) and 924(a)(8).

2. On April 13, 2025, Amarillo Police Department officers established surveillance at the residence of Erik Todd Gilmore, located at 4428 Ridgecrest Circle, Amarillo, Texas. At approximately 12:30 a.m., officers observed Gilmore leave the residence in a vehicle. An officer observed Gilmore fail to signal intent when making a westbound turn onto S.W. 34th Avenue, which is a violation of the Texas Transportation Code. An officer conducted a traffic stop of the vehicle on 34th Avenue.

3. The officer approached Gilmore and told him to step out of the vehicle. Gilmore was removed from the vehicle and arrested for the traffic violation. During Gilmore's arrest, an officer located a Ruger, model SR9, 9mm handgun, serial number 331-99144, in Gilmore's waistband.

4. An officer conducted an interview with Gilmore. The officer read Gilmore his *Miranda* warnings. Gilmore waived his rights and agreed to make a statement. During the interview, Gilmore admitted to possessing the firearm. He explained that he carried the firearm for protection.

5. Before Gilmore possessed the above-described firearm, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense. Specifically, on July 19, 2017, the defendant was convicted of the felony offense of Aggravated Robbery in the 251st District Court in Randall County, Texas, in cause number 26994C.

6. Gilmore admits that the firearm functioned as designed and, therefore, was or could readily have been put in operating condition. Further, Gilmore admits that the firearm was not manufactured in the State of Texas. The Ruger, model SR9, 9mm handgun, serial number 331-99144, was manufactured in Prescott, Arizona. Further, the Ruger firearm was sold in 2013 to the original purchaser in Las Vegas, Nevada. Because the firearm was found in Texas on April 13, 2025, it must have traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time between any part of the United States or a foreign country.

7. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

8. The defendant further admits and agrees that he possessed the above-described firearm in violation of 18 U.S.C. § 922(g)(1) and it is, therefore, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), including any additional ammunition, magazines, or accessories recovered with the firearm.

AGREED TO AND STIPULATED on this 9th day of September, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
Erik Todd Gilmore
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Natalie Archer
Attorney for Defendant